UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EFREN DELA CRUZ, an Individual; EVELYN DELA CRUZ, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA; WAMU ACCEPTANCE CORP.; BANK OF AMERICA, N.A., as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-OA6; CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 through 50, Inclusive,<br><br>    Defendant. | Case No. C-13-04136-RMW<br><br>**ORDER GRANTING DEFENDANTS JP MORGAN CHASE AND CALIFORNIA RECONVEYANCE COMPANY'S MOTION TO DISMISS**<br><br>[Re: Docket No. 4] |

Defendants JP Morgan Chase Bank[1] and the California Reconveyance Company ("defendants") move to dismiss plaintiffs Efren Dela Cruz and Evelyn Dela Cruz's ("Dela Cruz") complaint in its entirety as bared by res judicata. For the reasons explained below, the court finds res judicata applies and grants defendants' motion to dismiss.

---

[1] As acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation.

ORDER
Case No. C-13-04136-RMW
FMP / SW

- 1 -

# I. BACKGROUND

## A. Facts

Dela Cruz filed a pro se complaint on August 27, 2010, (the "2010 Complaint") against JP Morgan, Washington Mutual, and the California Reconveyance Company. The complaint alleged 20 causes of action based upon a loan repayment and security agreement that Dela Cruz entered into with defendant Washington Mutual on May 22, 2007. The loan was secured by Dela Cruz's residence, 3217 Poltonhall Court, Santa Clara, California. Jud. Not. Ex. 1, Dkt. No. 5-1. Dela Cruz alleged that defendants unlawfully failed to disclose important details about the loan and induced Dela Cruz to commit to a loan they could not afford. Jud. Not. Ex. 1. The causes of action included Declaratory Relief, Contractual Breach of Good Faith and Fair Dealing, Violations of the Truth in Lending Act ("TILA"), Violations of the Real Estate Settlement Procedures Act ("RESPA"), Rescission, Unfair and Deceptive Acts and Practices, Breach of Fiduciary Duty, Unconscionability, and Quiet Title. Defendants removed the 2010 Complaint to federal court on October 12, 2010. Jud. Not. Ex. 3. Judge Ware dismissed the three federal claims (TILA, RESPA, and TILA Rescission) as time-barred and insufficiently pled, and dismissed all state law claims without prejudice to Dela Cruz refiling in state court. Jud. Not. Ex. 5. Dela Cruz subsequently filed a First Amended Complaint on October 21, 2011. Jud. Not. Ex. 6. The Superior Court ultimately dismissed the complaint on November 28, 2011 for Dela Cruz's failure to file an amended complaint.[2] Jud. Not. Ex. 7.

Dela Cruz filed a second pro se complaint on February 14, 2012, (the "2012 Complaint") alleging 24 causes of action against JP Morgan, Washington Mutual, the California Reconveyance Company, and mortgage broker Hill View Finance. Dela Cruz again asserted that defendants unlawfully failed to disclose important details about their loan and induced them to commit to a loan they could not afford. Jud. Not. Ex. 9. Defendants demurred on the basis of res judicata and the Superior Court sustained the demurrer and dismissed the 2012 Complaint with prejudice because

---

[2] It is unclear whether the 2010 Complaint was dismissed with prejudice. The November 28, 2011 order states the claims were dismissed with prejudice, but the January 20, 2012 order of dismissal states that the claims were dismissed without prejudice. Jud. Not., Exs. 7, 8.

the opposition failed to address the res judicata argument and explain how Dela Cruz intended to amend the pleading to state a valid claim. Jud. Not. Exs. 11, 12.

### B. Procedural History

Dela Cruz, proceeding pro se, filed the complaint at issue on August 2, 2013, in Santa Clara Superior Court, again alleging that defendants unlawfully failed to disclose important details about their loan and induced them to commit to a loan they could not afford. Defendants removed the complaint on September 6, 2013, on the basis of federal question jurisdiction. Removal, Dkt. No. 1. Defendants bring the present motion to dismiss the complaint contending that res judicata bars Dela Cruz's claims. Defendants filed an accompanying request for judicial notice. Bank of America has not made an appearance in front of this court or joined in the motion to dismiss. Dela Cruz subsequently filed an opposition to defendants' motion to dismiss and request for judicial notice. The causes of action at present include Declaratory Relief, Contractual Breach of Good Faith and Fair Dealing, TILA Violations, RESPA Violations, Rescission, Unfair and Deceptive Acts and Practices, Breach of Fiduciary Duty, Unconscionability, Quiet Title, and Intentional Infliction of Emotional Distress.

## II. ANALYSIS

Although pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers[,]" *Castro v. U.S.*, 540 U.S. 375, 386 (2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the law here is clear. Res judicata precludes claims and "bars litigation in subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

### A. Judicial Notice

A court may take judicial notice of a fact not subject to reasonable dispute upon the request of a party if the court is supplied with the necessary information. Fed. R. Evid. 201. On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of court documents, i.e., motion to dismiss filed in a court action).

Defendants ask the court to take judicial notice of the public court documents from the prior state and federal cases in which Dela Cruz filed complaints against JP Morgan and the California Reconveyance Company. Dela Cruz filed an opposition, but the brief failed to substantively object to the request for judicial notice.

Because the documents are not subject to reasonable dispute and publicly available court records, the court will take judicial notice of Exhibits 1 through 15 in defendants' request. Jud. Not., Dkt. No. 5.

### B. Legal Standard

"The doctrine of res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) (citing *Western Radio Servs. Co.*, 123 F.3d at 1192).

### C. Application

Defendants argue that each of the three elements required for res judicata are present in this case and thus the case should be dismissed. While Dela Cruz filed an opposition to the defendants' motion to dismiss, the opposition brief fails to substantively address and oppose defendants' contention that res judicata bars Dela Cruz's complaint. *See* Opp'n., Dkt. No. 9. Dela Cruz's non-responsive opposition essentially leaves defendants' motion to dismiss unopposed, but the court will still address each element of the res judicata standard.

#### 1. Identity of claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th. Cir. 1982)).

Here, ten of the eleven claims in the current complaint were brought in the 2010 and 2012 Complaints and arise from the same common nucleus of facts set forth in both of those cases. The claims all stem from the loan repayment and agreement the Dela Cruz entered into with Washington Mutual on May 22, 2007. Dela Cruz alleges that defendants induced them to commit to the loan,

which they could not afford. The current complaint also sets forth a new claim, intentional infliction of emotion distress. However, this claim arises from the same nucleus of facts as the ten repeat claims. There is no reason Dela Cruz could not have brought it in the prior complaints.

The court finds that all of Dela Cruz's claims in the operative complaint are based on the same transactional nucleus of facts as the prior cases. Thus, there is an identity of claims for the purposes of res judicata.

### 2. Final judgment on the merits

"An involuntary dismissal [under Rule 41(b) of the Federal Rules of Civil Procedure] generally acts as a judgment on the merits for the purposes of *res judicata*[.]" *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997). Federal Rule of Civil Procedure 41(b) provides that unless the dismissal order states otherwise, "any dismissal…except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

Defendants argue that state and federal courts have both entered final judgments on the merits of Dela Cruz's claims. The District Court dismissed the federal claims in the 2010 Complaint; the Superior Court dismissed the state claims in the 2010 Complaint; and the Superior Court later sustained defendants' demurrer with respect to Dela Cruz's 2012 Complaint.

The dismissals of Dela Cruz's prior claims in 2010 and 2012 were not based on lack of jurisdiction, improper venue, or failure to join a party. Therefore, the court finds that these dismissals operate as adjudications on the merits for the purposes of res judicata.

### 3. Identity or privity between parties

Res judicata requires that the parties be identical or in privity. *See Western Radio. Servs. Co.*, 123 F.3d at 1192. Here, JP Morgan and the California Reconveyance Company are identical because they were named in Dela Cruz's prior suits.

### D. Conclusion

Because the court finds the three required elements of res judicata satisfied and because Dela Cruz did not substantively oppose the motion, defendants' motion to dismiss Dela Cruz's complaint is granted.

## III. ORDER

Defendants' motion to dismiss for failure to state a claim is GRANTED. All of Dela Cruz's claims against JP Morgan and the California Reconveyance Company are dismissed with prejudice.

Dated: December 2, 2013



RONALD M. WHYTE
United States District Judge