UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EFREN DELA CRUZ, an Individual;<br>EVELYN DELA CRUZ, an Individual,<br><br>  Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA;<br>WAMU ACCEPTANCE CORP.; BANK OF<br>AMERICA, N.A., as Trustee for WaMu Asset-<br>Backed Certificates, WaMu Series 2007-OA6;<br>CALIFORNIA RECONVEYANCE<br>COMPANY; and DOES 1 through 50,<br>Inclusive,<br><br>  Defendant. | Case No. C-13-04136-RMW<br><br>**ORDER TO SHOW CAUSE WHY<br>BANK OF AMERICA SHOULD NOT<br>BE DISMISSED FOR RES JUDICATA** |

The court dismissed defendants JP Morgan Chase Bank and California Reconveyance Company for res judicata. *See* Order, Dkt. No. 14. Now the court issues this order to show cause why Bank of America should not also be dismissed for res judicata.

"The doctrine of res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) (citing *Western Radio Servs. Co.*, 123 F.3d at 1192). In its prior order, the court determined that there was an identity of claims and final judgment on the merits in two previous cases involving the same claims against JP Morgan and the California Reconveyance Company and therefore dismissed JP Morgan and the California

ORDER
Case No. C-13-04136-RMW
FMP / SW

- 1 -

1   Reconveyance Company.  *See* Order, Dkt. No. 14.  Bank of America should also be dismissed if it
2   was in privity with the other defendants.
3           Parties are in privity for the purposes of res judicata when "there is 'substantial identity'
4   between the parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra*
5   *Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003)
6   (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted)).  Federal courts
7   have deemed a relationship in which "a non-party [] has succeeded to a party's interest in property
8   bound by any prior judgment against the party" and therefore sufficiently close for the purposes of
9   res judicata's privity requirement.  *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).
10          Here, Bank of American appears to be in privity with both JP Morgan and the California
11  Reconveyance Company.  Bank of America shares an interest with JP Morgan in the promissory
12  note connected to the subject property, Dela Cruz's residence.  JP Morgan acquired the note from
13  Washington Mutual when it defaulted and later sold it to a securitization trust for which Bank of
14  America served as the trustee.  Because JP Morgan and Bank of America were in the same chain of
15  title with respect to the promissory note they share common interests.  The California Reconveyance
16  Company is allegedly the original trustee on the Dela Cruz's original loan and therefore also shares
17  a common interest with Bank of America.  This appears to be a sufficient commonality of interest
18  among the three parties for them to be in privity.  *See Chavez v. Washington Mut. Bank*, No. 12–
19  CV–04393–LHK, 2013 WL 2450128, at *5-6 (N.D. Cal. June 5, 2013).
20          Because it appears to this court that it should dismiss Bank of America for res judicata, Dela
21  Cruz must appear before this court on January 17, 2014, at 9:00 a.m. to explain why Bank of
22  America should not be dismissed.  Dela Cruz must file a written response to this order no later than
23  January 6, 2013, addressing why the case should not be dismissed for res judicata.  If Dela Cruz
24  fails to file a response or appear, Bank of America will be dismissed and the case will be terminated
25  with prejudice.

27  Dated: December 2, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER
Case No. C-13-04136-RMW         - 2 -
FMP / SW