UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EFREN DELA CRUZ, an Individual; EVELYN DELA CRUZ, an Individual, <br><br>        Plaintiffs, <br><br>v. <br><br>WASHINGTON MUTUAL BANK, FA; WAMU ACCEPTANCE CORP.; BANK OF AMERICA, N.A., as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-OA6; CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 through 50, Inclusive, <br><br>        Defendants. | Case No. C-13-04136-RMW <br><br>**ORDER DISMISSING DEFENDANT BANK OF AMERICA; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br>[Re: Docket Nos. 15, 19, 20] |

This court previously dismissed defendants JP Morgan Chase Bank (Chase), as successor in interest to certain assets and liabilities from the FDIC, acting as receiver for Washington Mutual Bank, F.A., and California Reconveyance Company (CRC) under the principles of res judicata. *See* Order, Dkt. No. 14. On the same day, the court issued an order to show cause why defendant Bank of America should not also be dismissed for res judicata. Dkt. No. 15. Plaintiffs Efren Dela Cruz and Evelyn Dela Cruz ("Dela Cruz") filed a response, Dkt. No. 18, and shortly thereafter filed a

motion for reconsideration[1] of the dismissal of Chase and CRC, Dkt. No. 19, along with a First Amended Complaint (FAC), Dkt. No. 20.

Dela Cruz was required to seek leave of court to file both the motion for reconsideration and the amended complaint. *See* Civ. L. R. 7-9(a) (requiring leave of court to file a motion for reconsideration); Fed. R. Civ. Pro. 15(a) (requiring leave of the opposing party or the court to file an amended complaint more than 21 days after a responsive pleading). After reviewing the FAC and the motion for reconsideration, the court denies Dela Cruz leave to file either. The court also denies the motion for reconsideration under the Rule 60(b) standard. After reviewing the Dela Cruz's response to the order to show cause, the court finds that Bank of America is in privity with Chase and CRC, and therefore is dismissed from the case.

# I. BACKGROUND

### A. Facts

Dela Cruz filed a pro se complaint on August 27, 2010 (the "2010 Complaint") against Chase, Washington Mutual, and CRC. The complaint alleged 20 causes of action based upon a loan repayment and security agreement that Dela Cruz entered into with Washington Mutual on May 22, 2007. The loan was secured by Dela Cruz's residence, 3217 Poltonhall Court, Santa Clara, California. Jud. Not. Ex. 1, Dkt. No. 5-1. Dela Cruz alleged that defendants unlawfully failed to disclose important details about the loan and induced Dela Cruz to commit to a loan they could not afford. Jud. Not. Ex. 1. The causes of action included Declaratory Relief, Contractual Breach of Good Faith and Fair Dealing, Violations of the Truth in Lending Act ("TILA"), Violations of the Real Estate Settlement Procedures Act ("RESPA"), Rescission, Unfair and Deceptive Acts and Practices, Breach of Fiduciary Duty, Unconscionability, and Quiet Title. Defendants removed the 2010 Complaint to federal court on October 12, 2010. Jud. Not. Ex. 3. Judge Ware dismissed the three federal claims (TILA, RESPA, and TILA Rescission) as time-barred and insufficiently pled, and dismissed all state law claims without prejudice to Dela Cruz refiling in state court. Jud. Not. Ex. 5. Dela Cruz subsequently filed a First Amended Complaint on October 21, 2011. Jud. Not.

---

[1] Although the motion is titled as a Motion for Reconsideration, it is argued as a Rule 60(b) motion. The court addresses the motion under both standards.

ORDER
Case No. C-13-04136-RMW
LM
- 2 -

Ex. 6. The Superior Court ultimately dismissed the complaint on November 28, 2011 for Dela Cruz's failure to file an amended complaint.² Jud. Not. Ex. 7.

Dela Cruz filed a second pro se complaint in state court on February 14, 2012 (the "2012 Complaint") alleging 24 causes of action against Chase, Washington Mutual, CRC, and mortgage broker Hill View Finance. Dela Cruz again asserted that defendants unlawfully failed to disclose important details about their loan and induced them to commit to a loan they could not afford. Jud. Not. Ex. 9. Defendants demurred on the basis of res judicata and the Superior Court sustained the demurrer and dismissed the 2012 Complaint with prejudice because the opposition failed to address the res judicata argument and explain how Dela Cruz intended to amend the pleading to state a valid claim. Jud. Not. Exs. 11, 12.

### B. Procedural History

Dela Cruz, proceeding pro se, filed the complaint at issue in this case on August 2, 2013, in Santa Clara Superior Court, again alleging that defendants Chase, CRC, and now Bank of America unlawfully failed to disclose important details about their loan and induced them to commit to a loan they could not afford. Defendants removed the complaint on September 6, 2013, on the basis of federal question jurisdiction. Dkt. No. 1. Defendants Chase and CRC promptly moved to dismiss the complaint on the basis for res judicata, Dkt. No. 4, which this court granted on December 2, 2013. Dkt. No. 14. Bank of America has not made an appearance in front of this court and did not join in the earlier motion to dismiss.

The court now considers Dela Cruz's response to the Order to Show Cause why Bank of America should not be dismissed, their motion for reconsideration/Rule 60(b) motion, and their amended complaint.

## II. ANALYSIS

### A. Dismissal of Bank of America

Although pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers[,]" *Castro v. U.S.*, 540 U.S. 375, 386 (2003) (quoting *Haines v. Kerner*, 404 U.S. 519,

---

² It is unclear whether the 2010 Complaint was dismissed with prejudice. The November 28, 2011 order states the claims were dismissed with prejudice, but the January 20, 2012 order of dismissal states that the claims were dismissed without prejudice. Jud. Not., Exs. 7, 8.

520 (1972)), the law here is clear. Res judicata precludes claims and "bars litigation in subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). "The doctrine of res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) (citing *Western Radio Servs. Co.*, 123 F.3d at 1192).

With regard to claims raised in the original complaint, this court has already found that the first two requirements are met. Dkt. 14. The only issue to be decided is whether Bank of America is in privity with Chase and CRC. Parties are in privity for the purposes of res judicata when "there is 'substantial identity' between the parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted)). Federal courts have deemed a relationship in which "a non-party [] has succeeded to a party's interest in property bound by any prior judgment against the party" and therefore sufficiently close for the purposes of res judicata's privity requirement. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).

Bank of America shares an interest with Chase in the promissory note connected to the subject property, Dela Cruz's residence. Chase acquired the note from Washington Mutual when it defaulted and later sold it to a securitization trust for which Bank of America served as the trustee. Because Chase and Bank of America were in the same chain of title with respect to the promissory note they share common interests. CRC is allegedly the original trustee on the Dela Cruz's original loan and therefore also shares a common interest with Bank of America. This appears to be a sufficient commonality of interest among the three parties for them to be in privity. *See Chavez v. Washington Mut. Bank*, No. 12–CV–04393–LHK, 2013 WL 2450128, at *5-6 (N.D. Cal. June 5, 2013).

Because the court finds the three required elements of res judicata satisfied and because Dela Cruz did not present any argument that Bank of America did not meet the privity requirement, Bank of America is dismissed from the complaint.

### B. Motion for Reconsideration

Dela Cruz filed a motion for reconsideration of the court's prior dismissal of Chase and CRC. Dkt. No. 19. Although titled a motion for reconsideration, Dela Cruz includes arguments related to Rule 60(b), and the court will consider the motion under both standards.

#### 1. Motion for reconsideration

"No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L. R. 7-9(a). The motion for leave must show that there is a material difference in fact or law from what was presented to the court in the original motion, new material facts have emerged, the law has changed, or there was manifest failure by the court to consider material facts. Civ. L. R. 7-9(b).

Plaintiff's motion for reconsideration, when read together with the response to the Order to Show Cause, asks to court to consider the subsequent securitization of the plaintiff's mortgage as a basis for reconsidering dismissal and allowing plaintiff to amend their complaint. For reasons explained below, the court denies the motion for leave to amend because the complaint raises only state law claims, and is beyond the jurisdiction of this court to consider. Furthermore, the securitization of the mortgage does not create any new causes of action beyond those already dismissed for res judicata.

#### 2. Rule 60(b) motion

Plaintiff's Rule 60(b) argument is essentially that they were unable to attend the hearing on the motion to dismiss due to illness and therefore the order of dismissal should be lifted. Dkt. 19. The court's prior order was not based on the plaintiff's absence at the hearing, and no hearing was necessary to decide the motion. *See* Fed. R. Civ. Pro. 78(b) (court may decide motions on the briefs, without oral hearing); Civ. L. R. 7-1(b) (motions may be determined without oral argument). The court fully considered plaintiff's moving papers, and Dela Cruz has not explained how appearing at the hearing would have changed the outcome or identified "any other reason that justifies relief" from the order. Fed. R. Civ. Pro. 60(b).

### C. First Amended Complaint

In connection with their motion for reconsideration, Dela Cruz filed a FAC on January 7, 2014. Dkt. No. 20. The FAC was filed more than 21 days after the defendant's motion to dismiss, Dkt. No. 4, and therefore requires leave of the court. Fed. R. Civ. Pro. 15. After reviewing the FAC, the court denies leave to amend because the FAC is limited to state law claims.

Plaintiffs FAC alleges several causes of action including: violation of California Civil Code § 2923.6; breach of the covenant of good faith and fair dealing; violation of California Civil Code § 1572; fraud; intentional misrepresentation; wrongful foreclosure; and violation of California Business and Professions Code § 17200. Dkt. No. 20. Each of these causes of action arise under state law and this court would lack jurisdiction to hear them if the FAC was entered. "Denial of a motion to amend is appropriate if amendment would be futile." *American Ins. Co. V. St. Jude Medical, Inc.*, 597 F. Supp. 2d 973, 979 (D.Minn. 2009). "Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action." *Id*. Because Dela Cruz does not allege any federal causes of action that are not barred by res judicata, the court denies leave to amend.

## III. ORDER

Defendants' motion to dismiss for failure to state a claim is GRANTED. All of Dela Cruz's claims against Bank of America are dismissed. With no claims or defendants remaining, the case is dismissed with prejudice.

Dated: January 27, 2014.

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER
Case No. C-13-04136-RMW
LM
- 6 -